BROMBERG v. FRIEND et al.

(Supreme Court, Trial Term, Kings County. December, 1900.)

ACTION FOR PERSONAL INJURIES—ELEVATOR ACCIDENT—CONTRIBUTORY NEGLIGENCE.

Plaintiff, as he had often done before, was delivering bundles of shirts at defendant's place of business, the delivery being made from the sidewalk to a basket on a freight elevator. On the occasion in question the elevator came down the shaft, and stopped three or four inches above the sidewalk, and, though plaintiff saw it, he did not call the elevator man's attention thereto, and ask him to let the car down lower, but began

putting his bundles on the car, standing with one foot on the car and the other on the sidewalk, with his toes under the edge of the car, which came down and caught them when lowered by the elevator man, who did not notice the position of plaintiff's foot. *Held*, that the injury was due solely to plaintiff's negligence.

Action by Samuel Bromberg against Solomon Friend and others for personal injuries. At the close of the testimony defendants move to direct a verdict in their favor. Granted.

Charles J. Patterson, for plaintiff.
Sidney Carrere, for defendants.

GAYNOR, J. The plaintiff came to the defendants' place of business to deliver some bundles of shirts. They were of a size that he could carry in from the wagon at the curb. There was a freight elevator running from the cellar up flush with the side of the building and opening upon the sidewalk, and such deliveries were made from the sidewalk into a basket on the elevator. The plaintiff had frequently made deliveries there in that way before. The plaintiff testifies that as the elevator came down the shaft on this occasion he saw that it stopped so that the platform or car was three or four inches above the sidewalk or border of the shaft. Though the plaintiff saw this he did not call the attention of the elevator man to it, and ask him to let the car down flush, but began putting his bundles upon the car. In doing so this time he stood with one foot on the sidewalk and the other upon the car; but he put the former forward so that his toes were under the edge of the car, and it came down and caught them. As he was caught he says he looked up and saw that the elevator man had his hands on the rope by which the elevator is worked.

It seems to me that it was for the plaintiff to have anticipated in the exercise of ordinary foresight and care that the elevator man was likely to discover that his car was not all the way down, and that then he would bring it down. It was therefore negligence for him to put his foot under the car. Nor was the elevator man guilty of negligence in lowering the elevator. There is no evidence from which it could be found as matter of fact that he saw, or should in the exercise of ordinary care have seen, that the plaintiff had his foot under the car; and I do not think that he was required in the exercise of ordinary care to anticipate such a thing and look to see if it was not so. Such niceties are not in ordinary human nature.

The motion is granted.